IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| GEORGE A. LEDUC, | ) | |
| MICHELLE L. LEDUC, | ) | Bankruptcy No. 10-01641 |
| | ) | |
| Debtors. | ) | |

## ORDER RE: U.S. TRUSTEE'S MOTION OBJECTING
## TO DEBTORS' DISCHARGES

This matter came before the undersigned for hearing on July 25, 2011. Attorney John Schmillen appeared for U.S. Trustee.   Attorney Kevin Ahrenholz appeared for Debtors George and Michelle Leduc.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## STATEMENT OF THE CASE

U.S. Trustee asserts Debtors are not eligible to receive a discharge under 11 U.S.C. § 727(a)(8).   Debtors filed their Chapter 13 petition on June 11, 2010 and converted to Chapter 7 on July 6, 2011.   Debtors filed a prior Chapter 7 case in Oregon on April 22, 2003 and received a discharge on August 8, 2003.   Thus, Debtors received a discharge in a Chapter 7 case commenced within 8 years prior to filing the Chapter 13 petition in this case.

## CONCLUSIONS OF LAW

Section 727(a)(8) states:

(a) The court shall grant the debtor a [Chapter 7] discharge, unless--

(8) the debtor has been granted a discharge under this section . . . in a case commenced within 8 years before the date of the filing of the petition;

11 U.S.C. § 727(a)(8).   Section 301(a) states that a voluntary bankruptcy case is commenced by the filing of a petition.   Section 348(a) states that conversion of a case from one chapter to another "does not effect a change in the date of the filing of the petition."

An "unwavering line of cases" applies the plain language of these statutes to hold that "the date of filing the Chapter 13 controls over the date of conversion for the purposes of measuring § 727(a)(8)."   In re Lyons, 162 B.R. 242, 243-44 (Bankr. E.D. Mo. 1993); see also, In re Skinner, 2010 WL 3469993, at *3 (Bankr. S.D. Miss. Sep. 1, 2010); In re Asay, 364 B.R. 423, 424 n.1 (Bankr. D.N.M. 2007); In re Burrell, 148 B.R. 820, 822 (Bankr. E.D. Va. 1992).   The proper measurement of the eight-year time period of § 727(a)(8) is from the filing date of the petition in the prior case to the filing date of the petition in the current case.   Skinner, 2010 WL 3469993, at *3.   The date of conversion from Chapter 13 to Chapter 7 is not determinative.

## ANALYSIS

Debtors received a Chapter 7 discharge in a case commenced on April 22, 2003 in Oregon.   They filed the current case under Chapter 13 on June 11, 2010, which is less than eight years after the prior case was commenced.   Under § 727(a)(8), Debtors are not eligible for a Chapter 7 discharge in this case, which was converted from Chapter 13 on July 6, 2011.

**WHEREFORE**, U.S. Trustee's Motion objecting to Debtors' Discharges Pursuant to 11 U.S.C. § 727(a)(8) is GRANTED.

**FURTHER**, Debtors are not eligible for a Chapter 7 discharge in this case.

Dated and Entered: July 27, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

2